## ADDISON W. JAY v. GRANBY MINING COMPANY.

1. OCCUPYING-CLAIMANT ACT; *Rights of Tresspaser and his Grantee.* A quitclaim deed from a mere trespasser, although duly recorded, does not make the "plain and connected title in law or equity" which entitles a party to relief under the first clause of the occupying-claimant law.

2. CHARACTER OF LANDS; *Indefinite Description.* A description of a tract of land as "the N.W.¼ sec. 14, town 33, range 25 east, in the county of Cherokee, Kansas," does not enable the court to say that said tract is within the territory ceded to the Cherokees by the treaty of 1835.

*Error from Cherokee District Court.*

EJECTMENT, brought by the *Granby Mining and Smelting Co.*, against *Jay*, and two others, to recover possession of a certain quarter-section of land. Plaintiff had judgment for the land, at the April Term 1874, of the district court, whereupon defendant *Jay* claimed the benefit of the occupying-claimant act, and asked that the value of his "lasting and valuable improvements" on said lands might be ascertained, etc. The court held, upon the showing made by *Jay*, that he had no rights under that act, and refused his application. *Jay* appeals, and brings the case here on error.

*Hutchinson & Cowley,* for plaintiff in error.

*John N. Ritter,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The only question presented in this case is, whether plaintiff in error was entitled to the benefit of the occupying-claimant law. The facts are these: On November 7th 1870, a patent issued to the Mo. R., Fort Scott & Gulf Rld. Co. for the land in question. Title passed from the company to defendant in error, first by bond to convey, and then, in September 1873, by deed. One Glover Pickerell settled on the land in 1869, and built a house thereon the same season. In April 1872, plaintiff in error purchased from Pickerell, took a quitclaim deed therefor, and had it duly recorded. There is no evidence as to the condition of the title prior to the patent to the railroad company, and nothing to show that Pickerell was other than a naked trespasser. Counsel in the brief say that the fair presumption is, that the "title was yet in the United States, unless it yet remained in the Cherokee Tribe of Indians, the original owners of the lands known as the Cherokee Neutral Lands, of which said premises was a part." It may be that this is a part of those lands, but the evidence fails to show it. All

we can gather from the evidence is the description, by section, township, and range, and that it lies in Cherokee county. The patent is not recited, so its recitals avail nothing. (*Ephraim v. Garlick*, 10 Kas. 280.) Counsel claim that Jay is within both the first and fifth classes of those entitled under the amendment of 1873 to the benefit of the occupying-claimant law. (Laws of 1873, p. 203, § 1.) The first class includes all who "can show a plain and connected title, in law or equity, derived from the records of some public office." Counsels' claim cannot be sustained under this clause. A quitclaim deed from a trespasser, can by no ingenuity of construction be called "a plain and connected title, in law, or equity." It means, a title connected with the legal and unquestioned title by a succession of conveyances, apparently regular and legal, but really passing no title. The case of *Krause v. Means*, 12 Kas. 335, is a good illustration. Neither does he come within the fifth class. That includes those who have made settlements upon Indian lands, or Indian trust lands. But the testimony, as we have seen, is lacking upon this point.

The ruling of the district court was therefore correct, and the judgment must be affirmed.

All the Justices concurring.